WILSON, *Adm'r*, v. RUSSELL & a.

In replevin by a mortgagee's administrator alleging title under the mortgage against a party deriving title from the mortgagor, the mortgagor is not excluded by the provisions of Gen. Laws, *c.* 228, *ss.* 16–19,

from testifying that the note which the mortgage was made to secure was without consideration.

REPLEVIN, of a piano. A referee found for the defendants. The plaintiff claimed title to the piano under a personal mortgage given December 20, 1869, by three persons to the plaintiff's intestate to secure a note for $1,100. The defendants claimed to own the piano by purchase, December 10, 1875, from one of the mortgagors, who was then the owner subject to the mortgage. The mortgage, embracing a considerable amount of other property, was duly executed, and contained an affidavit in the form prescribed by law, subscribed and sworn to by the three mortgagors and the mortgagee. The defendants contended that the mortgage note was without consideration; and to show that the mortgagee was a borrower rather than a lender at the date of the note, they called one of the mortgagors, who testified, subject to exception, that in 1865, or it might have been in 1869, he loaned the mortgagee $200, and took his note, which was renewed, but never paid in the lifetime of the mortgagee, who died in 1874. The plaintiff did not elect to testify. Subject to the plaintiff's exception, two of the mortgagors testified that the mortgage note was given, without consideration, for the purpose of preventing creditors of the mortgagors from attaching the mortgaged property, and that the affidavit on the mortgage was false.

*Shirley & Carr*, for the plaintiff.

*E. B. S. Sanborn* and *W. D. Hardy*, for the defendants.

CLARK, J. There was no error of law in allowing the mortgagors to testify. They were not parties to the action, nor were they within the provisions of any of the statutes excluding the testimony of the adverse party where an administrator, or executor, or insane person is a party of record or a party in interest. G. L., c. 228, ss. 16–19. The fact that they in effect testified that they had previously committed perjury in making a false oath to the mortgage was a matter affecting the credibility of their testimony, not its competency. G. L., c. 228, s. 27; *Demeritt* v. *Miles*, 22 N. H. 523. The evidence of one of the mortgagors that the mortgagee was indebted to him for borrowed money about the time the $1,100 note was given, had some tendency to show that the mortgagee had not that amount of money to loan at that time. *Demeritt* v. *Miles*, supra.

*Exceptions overruled.*

STANLEY and BLODGETT, JJ., did not sit: the others concurred.